SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

                    Plaintiff,

v.

Keith Patrick Manuel,

                    Defendant/Movant.

No.   CV 16-02165-PHX-DGC (MHB)

       CR 12-01557-PHX-DGC

**ORDER**

On July 1, 2016, Movant Keith Patrick Manuel, who is confined in the U.S. Penitentiary in Tucson, Arizona, filed a pro se "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)."  In an August 22, 2016 Order, the Court denied the Motion because it was not filed on the court-approved form and gave Movant 30 days to file an amended § 2255 motion on a court-approved form (Doc. 3).

On September 23, 2016, Movant filed an Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 4). Movant also filed a motion for a ten-day extension of time to file a brief in support of the Amended § 2255 Motion (Doc. 5).  The Court will summarily dismiss the Amended § 2255 Motion and deny the motion for an extension as moot.

## I.      Procedural History

Pursuant to a plea agreement, Movant pleaded guilty to abusive sexual contact, occurring on an Indian Reservation, in violation of 18 U.S.C. §§ 1153 and 2244(a)(5). The plea agreement provided for a sentencing range of 10 to 15 years.  In addition, under

the plea agreement, the parties agreed that a U.S. Sentencing Guidelines § 2A3.4(c)(1) cross-reference would apply.  On March 27, 2013, the Court sentenced Movant to a 180-month term of imprisonment followed by lifetime supervised release.

**III.   Amended § 2255 Motion**

Movant alleges two grounds for relief.  Generally, Movant states that he seeks relief pursuant to *United States v. Johnson*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016).  (Doc. 4 at 9.)

In Ground One, he alleges that his conviction and sentence "under the violent felony statute[s] governing sex crimes, etc., is unconstitutionally vag[u]e and violates due process."  (Doc. 4 at 5.)  He argues that 18 U.S.C. §§ 1153 and 2244(a)(5), rely "on the provisions of the residual clause language of 18 U.S.C. § 16(b) to classify as a predicate violent felony" and are unconstitutional.  He claims that his sentencing statute, which he identifies as 18 U.S.C. § 25, relies on § 16(b)'s residual clause and imposes multiple punishments under the U.S. Sentencing Guidelines.  He asserts that his "career enhancement" relies on § 16(b)'s residual clause and that residual clause language was used to classify his sentence and conviction as a violent felony, which thereby violated due process.

In Ground Two, Movant alleges that his tribal misdemeanors were unlawfully used as career offender enhancements under U.S. Sentencing Guidelines § 4B1.1, of which Movant contends that he is actually innocent.

**IV.   Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  In this case, the record shows that summary dismissal is warranted.

1

## V.     Discussion

### A.     *Johnson*

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and therefore violates due process.  The ACCA defines the term "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The "residual clause" is the portion of § 924(e)(2)(B)(ii) that defines a "violent felony" as an offense "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another."  135 S. Ct. at 2563.  The Supreme Court's holding in *Johnson* was expressly confined to this portion of the statute, and the Supreme Court was careful to note that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  *Id.* at 2563.  Thus, *Johnson* does not affect the constitutionality of sentencing enhancements premised on § 924(e)(2)(B)(i) (the "elements clause") or the first portion of § 924(e)(2)(B)(ii) (the "enumerated offenses clause").  *Welch* held that *Johnson* applied to cases on collateral review in appropriate circumstances.

Movant was convicted of abusive sexual contact involving a minor less than 12 years of age in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(5).  Movant's sentence was not enhanced under the ACCA.  Therefore, Movant is not entitled to relief on the basis that the residual clause of the ACCA was applied to him.

**B.    Ground One**

Movant claims that his conviction and sentence "under the violent felony statute[s] governing sex crimes, etc., is unconstitutionally vag[u]e and violates due process"; that 18 U.S.C. §§ 1153 and 2244(a)(5) rely "on the provisions of the residual clause language of 18 U.S.C. § 16(b) to classify as a predicate violent felony" and are unconstitutional; that his sentencing statute, which he identifies as 18 U.S.C. § 25, relies on § 16(b)'s residual clause and imposes multiple punishments under the Sentencing Guidelines; that his "career enhancement" relies on § 16(b)'s residual clause; and that residual clause language was used to classify his sentence and conviction as a violent felony and thereby violated due process.

As an initial matter, Movant was *not* charged or sentenced pursuant to 18 U.S.C. § 25, which penalizes the use of a minor to commit a crime of violence.  Movant also alludes to 18 U.S.C. § 16(b).  In *Dimaya v. Lynch*, 803 F.3d 1110, 1115 (9th Cir. 2015), *cert. granted*, No. 15-1498, 2016 WL 3232911 (Sept. 29, 2016), a panel of the Ninth Circuit held that the Immigration and Nationality Act's definition of "aggravated felony," contained at 18 U.S.C. § 16(b), was unconstitutionally vague.  Movant was not charged or sentenced pursuant to § 16(b).  Finally, contrary to Movant's assertions, § 1153 and § 244(a)(5) do not contain residual clauses even arguably similar to those in the ACCA or § 16(b).[1]  For all of these reasons, Movant fails to assert a cognizable claim in Ground One.

**C.    Ground Two**

In Ground Two, Movant claims that U.S. Sentencing Guidelines § 4B1.1 was applied to him.  Movant is mistaken.  In the March 7, 2013 Revised Addendum to the Presentence Report (hereafter "PSR"), the probation officer recommended offense level

---

[1]  Moreover, the Supreme Court has concluded that the Sentencing Guidelines "are not subject to vagueness challenges under the Due Process Clause" and, therefore, even a residual clause in the Sentencing Guidelines that is identical to the residual cause found to be unconstitutionally vague in *Johnson*, is not void for vagueness.  *Beckles v. United States*, __ U.S. __, 580 S. Ct. at __, 2017 WL 855781, at *3 (Mar. 6, 2017).

increases under Guidelines §§ 2A3.4(a)(2), 2A3.1(b)(1), 2A3.1(b)(2)(A), and 4B1.5(b). The probation officer did *not* apply § 4B1.1 to Movant.  Accordingly, Movant is not entitled to relief based on the alleged application of § 4B1.1 to him.

While unclear, it appears that Movant may also be attempting to assert that a residual clause in a guideline that was applied to him is unconstitutional.  But the guidelines applied to Movant by the Court do not contain residual clauses analogous to those at issue in *Johnson* or *Dimaya*.  At sentencing, the Court sustained the defense objection to ¶ 19 of the PSR, which recommended a four-level increase pursuant to § 2A3.1(b)(1).  That is, the Court rejected the recommended increase.  The Court overruled the defense objection to the five-level increase under § 4B1.5(b) and otherwise adopted the PSR, resulting in an adjusted advisory guidelines range of 235 to 293 months.  The parties argued for a downward variance, which the Court granted. Specifically, the Court applied a three-level downward variance and sentenced Movant to 180 months in prison, which complied with the sentence agreed to by the parties in the plea agreement.  Thus, the following Guidelines were recommended and applied by the Court: §§ 2A3.4(a)(2), 2A3.1(b)(2)(A), and 4B1.5(b).  Section 2A3.4(a)(2) specifies the base offense level for conduct described in 18 U.S.C. § 2241(a) or (b).  Section 2A3.1(b)(2)(A) provided for a four level increase if the victim had not attained the age of twelve years.  Section 4B1.5(b) provides that a five-level increase shall be applied when a defendant's offense of conviction is a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual contact.  Movant does not allege, and the Court does not find, that any of the guidelines applied to Movant contained a residual clause even arguably analogous to the residual clause of the ACCA or 18 U.S.C. § 16(b). Moreover, as noted in connection with Ground One, the Supreme Court has held that the Sentencing Guidelines "are not subject to vagueness challenges under the Due Process Clause."  The Court will deny relief as to Ground Two.

**IT IS ORDERED:**

(1)    The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 45 in CR 12-01557-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 16-02165-PHX-DGC (MHB)) is **dismissed with prejudice**.  The Clerk of Court must enter judgment accordingly.

(2)    Movant's motion for extension of time to file (Doc. 5) is **denied** as moot.

(3)    Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court' s assessment of the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of March, 2017.

_____
David G. Campbell
United States District Judge

- 6 -